## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CARL BANKS, | ) | Case No. 1:25-cv-1070 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| SWAGELOK MFG. CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Carl Banks, representing himself without a lawyer, filed suit against the Swagelok Manufacturing Company.  (ECF No. 1.)  He alleges disability and age discrimination and brings other State-law, claims in connection with his employment and the termination of his employment at Swagelok in 2022.  He seeks damages and other relief.  As an initial matter, Mr. Banks seeks to proceed *in forma pauperis*. (ECF No. 2.)  The Court **GRANTS** that motion.  For the reasons that follow, the Court **DISMISSES** his lawsuit.

## DISCUSSION

Under 28 U.S.C. § 1915(e), federal district courts are expressly required to screen all *in forma pauperis* actions and to dismiss before service any such action that the court determines is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  To to state a claim, a *pro se* complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under Section 1915(e)).  Pursuant to Section 1915(e), the Court determines that Plaintiff's complaint warrants *sua sponte* dismissal.

Plaintiff filed a prior lawsuit against Swagelok alleging discrimination and other claims relating to his employment and the termination of his employment.  In that case, the court entered a final judgment dismissing his complaint on the merits.  *See Banks v. Swagelok*, No. 1: 22 cv 1959 (N.D. Ohio Sept. 30, 2024).

"Notwithstanding the liberal pleading standard afforded *pro se* litigants, there are limits to how often a court can be asked to review the same allegations against the same parties or their privies."  *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 480 (E.D.N.Y. 2015).  The doctrine of *res judicata*, also known as claim preclusion, prevents parties from litigating matters that were or "should have been advanced" in an earlier suit.  *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (citation omitted).  Claim preclusion bars a suit when: (1) there is a final judgment on the merits in a prior action; (2) a subsequent suit is brought between the same parties or their privies; (3) an issue in the second suit was or could have been raised in the first; and (4) the claims in both suits arise from the same transaction or occurrence.  *Id.*

The elements of claim preclusion are all present here. The district court's judgment dismissing Plaintiff's prior lawsuit constitutes a final judgment on the merits; this lawsuit involves the same parties as Plaintiff's prior suit; his claims arise

out of the same transaction as his earlier complaint (namely, events occurring during his employment at Swagelok and his termination); and he could have asserted those claims in his earlier suit.  Accordingly, claim preclusion bars Plaintiff from asserting his claims in this second suit. *See, e.g., Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 206 (2d Cir. 2002) (holding that *res judicata* barred a plaintiff's *in forma pauperis* complaint against a former employer alleging national origin discrimination due to dismissal of a prior complaint by the same plaintiff asserting employment-related claims).  A district court may invoke the doctrine of *res judicata* on its own "in the interests of, *inter alia*, the promotion of judicial economy." *Holloway Const. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989).

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and **DISMISSES** his complaint pursuant to 28 U.S.C. § 1915(e). Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated:  July 28, 2025

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio

3